**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA**

     Respondent,

v.

Criminal No.     **3:17CR132**
Civil Action No.    <u>3:23cv380</u>

**KIM LEIGHTON McBRIDE,**

     Petitioner.

**MEMORANDUM OPINION**

By Final Order entered August 31, 2022, the Court denied Kim Leighton McBride's 28 U.S.C. § 2255 Motion and dismissed the action. (ECF No. 88.) The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed McBride's appeal. (ECF No. 100.) The matter is now Court before the Court on McBride's "Motion to Correct Sentence" where he argues that he was sentenced incorrectly. (ECF No. 99.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Notably, McBride does not identify an error or procedural defects in the Court's prior opinions dismissing his § 2255 motion. Instead, McBride continues to attack his underlying sentence. McBride's Motion to Correct Sentence must, therefore, be treated as a successive § 2255

motion. *See id.* Because the Fourth Circuit did not grant McBride permission to file a successive § 2255 motion, the Motion to Correct Sentence, (ECF No. 99), will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). McBride has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate order shall issue.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 12 June 2023
Richmond, Virginia

2